**SCOFIELD, Collector of Internal Revenue,**
**v. JOHN BREMOND CO.**

No. 13835.

United States Court of Appeals,
Fifth Circuit.

June 12, 1952.

Helen Goodner, Special Asst. to Atty. Gen., Ellis N. Slack, Theron Lamar Caudle, Asst. Atty. Gen., C. F. Herring, U. S. Atty., San Antonio, Texas, for appellant.

Dan Moody, Mac Umstattd, Austin, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought to recover $1962.75 and interest, demanded and exacted of it as additional excess profits tax for the calendar year 1944, the suit resulted in a judgment for the taxpayer, and the collector appealed.

The only question presented for our answer is whether in adjusting the taxpayer's excess profits credit for 1944, under the invested capital method, the Commissioner had the right to exclude from "Borrowed invested capital", under Sec. 719,[1] I.R.C., approximately $200,000 borrowed by appellee on its notes and invested in war bonds.

The district judge, in his opinion reported in 99 F.Supp. 81, correctly summarized in his findings the undisputed facts and in his conclusions thereon correctly interpret-

---

1. "Sec. 719. Borrowed invested capital

"(a) Borrowed capital. The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

"(1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, plus, * * *."

ed, and as correctly applied to the facts, the applicable statute and regulations.[2]

We shall not, therefore, undertake to restate the facts or elaborate upon the conclusions of the district judge. We shall content ourselves with saying: that we agree with his statement of the facts and the law; and that, approving and adopting it, we affirm the judgment. Of the two opinions[3] from the Eighth Circuit, the earlier relied on by the Collector, the later by the taxpayer, we approve the taxpayer's choice, and to the extent, if any, that the earlier is in conflict with the later and with the conclusions here announced and applied, we decline to follow its leading.

The judgment is affirmed.

---

2. 26 U.S.C. 1946 Ed. Sec. 719.

Treasury Regulations 112, promulgated under the Internal Revenue Code:

"Sec. 35.719–1. Borrowed Invested Capital.—* * * In order for any indebtedness to be included in borrowed capital it must be bona fide. It must be one incurred for business reasons and not merely to increase the excess profits credit. If indebtedness of the taxpayer is assumed by another person it ceases

to be borrowed capital of the taxpayer. For such purpose an assumption of indebtedness includes the receipt of property subject to indebtedness.

3. Hart-Bartlett-Sturtevant Grain Co. v. Commissioner, 8 Cir., 182 F.2d 153; Mahoney Motor Company v. Commissioner, 8 Cir., 192 F.2d 508.